UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

BUFFALO LABORERS WELFARE FUND, et al.,

                                      Plaintiffs,

                                                                                Case # 18-CV-544-FPG

v.

                                                                                DECISION AND ORDER

LEONE CONSTRUCTION, INC.,

                                      Defendant.
─────────────────────────────────────

## INTRODUCTION

Plaintiffs are Buffalo Laborers Welfare Fund, Buffalo Laborers Pension Fund, Buffalo Laborers Training Fund, Buffalo Laborers Security Fund, Laborers Employers Cooperation and Education Trust, Laborers' Local 210, International Union of North America (the "Union"), and Thomas L. Panek, in his fiduciary capacity as administrator. They bring suit against Defendant Leone Construction, Inc. ("Leone"), alleging that Leone violated "its collective bargaining agreement obligations, the Funds' respective trust agreements," the Labor Management Relations Act, and the Employee Retirement Income Security Act ("ERISA"). ECF No. 1 ¶ 2. Leone moves to dismiss the complaint. ECF No. 7. Plaintiffs oppose the motion. For the following reasons, Leone's motion is DENIED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In considering the

plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted). Along with the facts alleged in the complaint itself, a court may consider any documents attached to, incorporated by reference in, or integral to the complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The parties agree that the Court may consider the collective-bargaining agreement in ruling on this motion.

**BACKGROUND**

The following facts are taken from Plaintiffs' complaint, unless otherwise noted. In August 2011, the Union entered into a collective-bargaining agreement ("CBA") with Leone covering some types of construction work. The CBA requires Leone to make employee-benefit contributions to the funds now bringing suit—the Buffalo Laborers Welfare Fund, Buffalo Laborers Pension Fund, Buffalo Laborers Training Fund, Buffalo Laborers Security Fund, and Laborers Employers Cooperation and Education Trust. Thomas L. Panek is the administrator of the funds. In addition, the CBA requires Leone to deduct dues from employee wages and remit them to the Union.

To enforce these obligations, the CBA imposes various duties on Leone. Leone must retain payroll and related records, and make such records available "at all reasonable times for inspection and audit" by the funds. ECF No. 7-2 at 22. Furthermore, Leone must maintain a bond "to ensure payment of contributions" to the funds. *Id.* Leone is subject to a number of contractual penalties if it fails to abide by these mandates.

2

On April 25, 2018, Plaintiffs requested that Leone allow an audit of its records. Plaintiffs allege that Leone refused to permit the audit. In response, on May 14, 2018, Plaintiffs brought the present action. They raise six claims for relief. First, Plaintiffs argue that Leone breached the CBA and ERISA by refusing to permit an audit of its records, and they seek an order requiring Leone to submit to an audit. Second, Plaintiffs contend that, under the CBA, Leone is liable for the cost of the audit if its delinquency is "in excess of 10% of the prior year's contribution or $2,000.00, whichever is greater." *Id.* Third, Plaintiffs assert that Leone is liable for all outstanding contributions, as well as interest, costs, and attorney's fees, pursuant to both the CBA and ERISA. Fourth, Plaintiffs allege that Leone failed to maintain a bond, in violation of the CBA. The fifth and sixth claims are for permanent injunctive relief, based on the CBA and ERISA, respectively.

## DISCUSSION

Leone makes three arguments in support of its motion to dismiss.[1] The court discusses each argument in turn.

Leone first contends that Plaintiffs did not give it sufficient time to comply with the audit request. Leone's argument proceeds in several steps. Leone reasons that, because the CBA does not "specify any time in which an employer is to perform an audit," New York and federal law imply a "'reasonable time' for Leone to respond to [the] request." ECF No. 11 at 3. Relying on the factors set forth in *Zev v. Merman*, 73 N.Y.S.2d 781 (1988), Leone claims that such reasonable time is at least twenty days. Because Plaintiffs filed this action nineteen days after their demand,

---

[1] Leone makes an additional argument that the Court need only briefly address. Leone claims that the CBA was terminated in 2014 after Leone rejected a new agreement offered by the Union. This argument fails at the present juncture, however, because it is premised on facts outside of the complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). Plaintiffs allege, and the Court accepts for purposes of this motion, that the CBA "remains in effect." ECF No. 1 ¶ 17.

the audit demand was "per se unreasonable." ECF No. 11 at 2 n.1. On that basis, Leone asserts that Plaintiffs' claims seeking to compel an audit should be dismissed.[2]

The Court is not persuaded. As Plaintiffs point out, Leone's argument about the timing of the audit request is inapposite. Plaintiffs' claim is not that Leone violated the CBA and ERISA by failing to permit an audit by a particular deadline. Rather, viewing the allegations in the light most favorable to Plaintiffs, the Court understands Plaintiffs to be alleging that Leone is generally refusing to permit an audit of its records, irrespective of any deadline for performance. *See* ECF No. 1 ¶¶ 19, 54. ERISA provides a mechanism by which a fiduciary may compel an audit where, as here, an employer indicates that it will not submit to one. *See, e.g.*, *Sullivan v. Marble Unique Corp.*, No. 10 CV 3582, 2011 WL 5401987, at *14 (E.D.N.Y. Aug. 30, 2011) ("Faced with recalcitrant ERISA defendants, numerous courts have granted an injunction requiring an employer . . . to submit to a CBA-required audit covering a specific period of time."); *see also Mason Tenders Dist. Council Welfare Fund v. Logic Constr. Corp.*, 7 F. Supp. 2d 351, 358 (S.D.N.Y. 1998) (stating that "ERISA creates an obligation on the part of employers who agree to contribute to employee benefit plans to submit to audits by plan trustees, at least in the absence of contrary language in the relevant contractual documents"). Therefore, Plaintiffs state adequate claims for such relief.

Leone next challenges the sufficiency of Plaintiffs' second and third claims, in which Plaintiffs request payment for the cost of any future audit, as well as for unpaid contributions, interest, costs, and attorney's fees. Leone reads these claims to be contingent—that is, Leone is liable for contractual and statutory penalties *if* the requested audit reveals delinquent contributions.

---

[2] Leone also alleges that Plaintiffs demanded that Leone produce its records within ten days. *See* ECF No. 7-1 at 3. Leone argues that this ten-day deadline was unreasonable. The Court disregards this argument, however, as it is based on facts beyond the complaint. *See* note 1, *supra*.

Conversely, Leone does not interpret the complaint to allege any *present* delinquency for which it is liable. On that basis, Leone argues that the second and third claims are not ripe and do not state a present claim for relief.

The Court concludes that these claims survive scrutiny on a motion to dismiss. To be sure, some of the language in the complaint supports Leone's interpretation. For example, Plaintiffs allege that "if a delinquency is found after an audit," Leone is liable for damages and penalties. ECF No. 1 ¶ 35. But the complaint also alleges that Leone's failure to pay the required contributions "constitutes a violation of the [a]greement . . . and ERISA," *id.* ¶ 36, and that Leone "is currently in breach of its obligations under the [a]greement," *id.* ¶ 47. Based on these allegations, the Court concludes that Plaintiffs have sufficiently alleged that Leone is delinquent on its contributions and is thus liable for the kinds of damages requested. *See Iron Workers' Local No. 25 Pension Fund v. Nyeholt Steel, Inc.*, 946 F. Supp. 514, 519 (E.D. Mich. 1996) (concluding that ERISA action was ripe where plaintiffs alleged that defendant had not made required contributions, notwithstanding that the exact amount of delinquency was "indeterminate"). Indeed, the Court finds nothing improper with the manner in which Plaintiffs have alleged these claims, as "ERISA plaintiffs are often unable to specify their damages in their initial pleadings, especially in cases [where] they seek to compel an audit or recover continually accruing unpaid contributions." *Bricklayers & Allied Craftworkers Local No. 3, N.Y., AFL-CIO (Rochester Chapter) v. Precision Concrete & Masonry, Inc.*, No. 16-cv-6035, 2018 WL 4090331, at *2 n.2 (W.D.N.Y. Aug. 28, 2018). Leone's argument does not justify dismissal of the second and third claims.

Finally, Leone contends that Plaintiffs' fourth claim, relating to Leone's failure to post a bond, cannot survive because Plaintiffs do not allege that they suffered any damages. In support,

Leone cites the black-letter law that one element of a claim for breach of contract is "damages resulting from the breach." ECF No. 7-3 at 7 (citing *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004)). Plaintiffs counter that the complaint is sufficient because they seek equitable relief under ERISA. The Court agrees with Plaintiffs.

The CBA requires Leone to post and maintain a bond to ensure contribution payments. *See* ECF No. 7-2 at 22. Under 29 U.S.C. § 1132(a)(3), Plaintiffs may bring an action to enforce that provision. *Cf. Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004) (concluding that district court had discretion to award attorney's fees under ERISA, because "the underlying action . . . was by a fiduciary to compel an employer to post a surety bond [under the CBA] pursuant to" § 1132(a)(3)). Moreover, even if the Court analyzes Plaintiffs' bond claim solely as a breach-of-contract claim, Leone has not convinced the Court that, where a plaintiff is seeking specific enforcement of a bond obligation, the plaintiff must nonetheless demonstrate damages. *See, e.g.*, 25 Williston on Contracts § 67:89 (4th ed.) ("Damages are an inadequate remedy where there is no basis on which a court of law could give substantial redress, and yet the defendant's promise is of value. It is on this ground that . . . a promise to give a . . . pledge of personal property . . . [or] to procure a surety . . . is enforced by equity."); *see also Cont'l Ins. Co. v. Bussell*, 498 P.2d 706, 709 (Alaska 1972) (stating that union had right to insist upon specific performance of employer's covenant to procure life insurance policy for the benefit of employees, "rather than await the eventual result of a damage suit based on the breach"). Therefore, the Court will not dismiss the bond claim.

In sum, the Court declines to dismiss the complaint on any of the grounds raised by Leone.

## CONCLUSION

For the reasons discussed above, Leone's motion to dismiss (ECF No. 7) is DENIED. Leone must file an answer within 30 days of entry of this Order. *See* Fed. R. Civ. P. 12(a)(4).

IT IS SO ORDERED.

Dated: October 31, 2018
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court