UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ **X**
**BUFFALO LABORERS WELFARE FUND;**                  :
**BUFFALO LABORERS PENSION FUND; BUFFALO** :
**LABORERS TRAINING FUND; BUFFALO**                  :
**LABORERS SECURITY FUND; THOMAS L.**              :
**PANEK, in his fiduciary capacity as**                     :   **Docket No.: 1:18-cv-00544**
**ADMINISTRATOR; LABORERS EMPLOYERS**        :
**COOPERATION AND EDUCATION TRUST; AND**  :   **PLAINTIFFS'**
**LABORERS' LOCAL 210, INTERNATIONAL**         :   **RULE 56(a)(1) STATEMENT**
**UNION OF NORTH AMERICA,**                               :
                                                                                 :
                        **Plaintiffs,**                                       :
                                                                                 :
               **- against –**                                              :
                                                                                 :
**LEONE CONSTRUCTION, INC.,**                          :
                                                                                 :
                        **Defendant.**                                      :
------------------------------------------------------------------------ **X**

Plaintiffs Buffalo Laborers Welfare Fund, Buffalo Laborers Pension Fund, Buffalo

Laborers Training Fund, Buffalo Laborers Security Fund, (collectively the "Funds"), Thomas L.

Panek, in his fiduciary capacity as Funds' Administrator ("Panek"), Laborers Employers

Cooperation and Education Trust ("LECET"), and Laborers' Local 210, International Union of

North America ("Union") (collectively "Plaintiffs") by and through their attorneys, Gorlick,

Kravitz & Listhaus, P.C., as and for their statement pursuant to Rule 56(a)(1) of the Local Civil

Rules of the United States District Court for the Western District of New York, respectfully

state[1]:

---

[1] Plaintiffs incorporate by reference all documents submitted in support of their Motion for Partial Summary
Judgment on Liability, filed on September 20, 2019, including Plaintiffs' Rule 56.1 Statement (ECF Doc. 41),
Declaration of Samuel Capitano and exhibits annexed thereto (ECF Doc. 41-1), Declaration of Thomas L. Panek and
exhibits annexed thereto (ECF Doc. 41-4), Declaration of Joy K. Mele and exhibits annexed thereto (ECF Doc. 41-
13), Plaintiffs' Memorandum of Law (ECF Doc. 41-13), Plaintiffs' Reply Memorandum of Law (ECF Doc. 48),

## LITIGATION HISTORY

1.      Plaintiffs commenced this Action on May 14, 2018. ECF Doc. 1.

2.      On June 18, 2018, Defendant Leone Construction, Inc. ("Defendant" or "Leone") filed a pre-answer Motion to Dismiss. ECF Doc. 7.

3.      Leone sent a letter, dated June 18, 2018, to Plaintiffs cancelling the audit that had previously been scheduled. Declaration of Joy K. Mele, dated July 8, 2020 ("Mele Decl."), ¶5.

4.      Leone sent a letter, dated June 18, 2018, to Plaintiffs regarding the Motion to Dismiss filed by Leone that same day. Mele Decl., ¶5.

5.      The June 18, 2018 letter regarding the Motion to Dismiss informed Plaintiffs, *inter alia*, that counsel was in the process of drafting a Rule 11 motion. Mele Decl., ¶5.

6.      Plaintiffs responded to both June 18, 2018 letters by letter dated June 21, 2018. Mele Decl., ¶6.

7.      Plaintiffs filed their opposition to Leone's Motion to Dismiss on July 13, 2018. ECF Doc. 10.

8.      Leone filed its Reply Memorandum of Law in Further Support of Leone's Motion to Dismiss on July 27, 2018. ECF Doc. 11.

9.      On August 1, 2018, Plaintiffs filed a letter motion requesting that the new arguments raised in Defendant's Reply be stricken by the Court, or in the alternative, that Plaintiffs be granted permission to file a sur-reply to respond to the new arguments. ECF Doc. 12.

10.     On October 16, 2018, the Court issued a Text Order granting Plaintiffs' request to file a sur-reply. ECF Doc. 14.

---

Reply Declaration of Samuel Capitano (ECF Doc. 48-1), and the Reply Declaration of Thomas L. Panek (ECF Doc. 48-2).

11.     On October 25, 2018, Plaintiffs' filed their Sur-Reply to Reply Memorandum of Law in Further Support of Leone Construction's Motion to Dismiss Pursuant to Rule 12(b)(6). ECF Doc. 15.

12.     On October 31, 2018, the Honorable Frank P. Geraci, Jr., issued a Decision and Order denying Leone's Motion to Dismiss in its entirety. ECF Doc. 16.

13.     The Action was thereafter referred to mandatory mediation. Mele Decl., ¶13.

14.     On March 15, 2019, the parties consented to proceed before Magistrate Judge Jeremiah J. McCarthy. ECF Doc. 21.

15.     An initial pre-trial conference was held on March 21, 2019, at which time the Court granted the parties' request to opt out of mediation. Mele Decl., ¶15.

16.     On or about August 12, 2011, Leone entered into the 2008-2014 Highway-Heavy, Utility and Tunnel Agreement with the Union ("Agreement"). ECF Doc. 41, ¶18; ECF Doc. 51, pp. 1-2.[2]

17.     The Agreement required Leone to make fringe benefit fund contributions to the Welfare Fund, the Pension Fund, the Training Fund, and the Security Fund for every hour of work performed by its employees within the trade and geographic jurisdiction of the 2008-2014 Agreement ("Covered Work"). ECF Doc. 51, pp. 1-2; ECF Doc. 41, ¶21; ECF Doc. 41-2, Agreement, Article XVI, Section 1-4 (bates stamped P0172).

18.     The Agreement required Leone to make contributions to the LECET for every hour of Covered Work performed by its employees. ECF Doc. 22; ECF Doc. 41-2, Agreement, Article XVI, Section 5 (bates stamped P0173).

---

[2] Page numbers refer to the ECF header page number.

19.     The Agreement required Leone to deduct and remit to the Union dues from the wages of its employees performing Covered Work. ECF Doc. 41, ¶23; ECF Doc. 41-1, ¶13; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177).

20.     The Agreement required Leone to deduct and remit to the Union PAC contributions from the wages of its employees performing Covered Work. ECF Doc. 41, ¶23; ECF Doc. 41-1, ¶13; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178).

21.     The Agreement obligated Leone to deduct and remit to the Union dues and Political Action Committee ("PAC") contributions from the wages of all authorized employees performing Covered Work. ECF Doc. 41, ¶23; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178).

22.     That Leone was signatory to the Agreement that obligated it to make fringe benefit contributions to the Funds, contributions to LECET, and dues and PAC contributions to the Union was never in dispute. At issue was when the Agreement and its concomitant contribution obligations ended. ECF Doc. 51.

23.     The central issue of the litigation for purposes of establishing liability was the period of time that the Agreement was in effect. Mele Decl., ¶16.

24.     The parties agreed that the case should proceed in two phases. The Liability Phase would address whether Leone was subject to the Agreement, and the Damages Phase would address the audit and the remainder of Plaintiffs' claims. Mele Decl., ¶17.

25.     On April 9, 2019, the Court issued a Case Management Order bifurcating the Action into liability and damages phases. ECF Doc. 25.

26.     Plaintiffs served their First Request for the Production of Documents and First Set

4

of Interrogatories on April 22, 2019. Mele Decl., ¶19.

27.    Leone objected to the scope of Plaintiffs' initial discovery demands, and on May 7, 2019, submitted a letter to the Court requesting the Court's guidance on the discovery dispute. Mele Decl., ¶20.

28.    A telephonic conference was held on May 10, 2019, to discuss the discovery dispute, and on that same day, the Court issued a Text Order directing the parties to confer and submit proposals by May 24, 2019 for resolving the threshold issues of whether Plaintiff presented Leone with a new collective bargaining agreement before or after January 31, 2014, and if so, whether that constituted timely written notice of change under the evergreen clause of the existing Agreement. ECF Doc. 28.

29.    The parties conferred but could not agree on a joint proposal and the parties filed separate proposals on May 31, 2019. Mele Decl., ¶22.

30.    Leone's proposal included taking one or more depositions of Plaintiffs and limited interrogatories and document requests. Plaintiffs had no objection to Leone's proposal to serve limited interrogatories, but did object to Leone's proposal for depositions. Mele Decl., ¶23.

31.    A conference was held on June 13, 2019 to discuss the parties' May 31, 2019 proposals.  Mele Decl., ¶24.

32.    On June 13, 2019, the Court issued a Text Order allowing Leone to take the deposition of Samuel Capitano, and allowing Plaintiffs to take the deposition of John Leone. ECF Doc. 33.

33.    The parties engaged in settlement negotiations in June and July, 2019, which proved unsuccessful. Mele Decl., ¶26.

34.    A conference was held on August 6, 2019, at which time the parties agreed that

the issue of the time period of the audit was ripe for disposition without the need for depositions and further discovery, and the Court issued a Text Order that same day setting forth a briefing schedule on the parties' motions for partial summary judgment on liability. ECF Doc. 36.

36.    On September 20, 2019, the parties filed cross motions for partial summary judgment, which were fully briefed. ECF Docs. 39 to 39-4 and 40 to 41-15.

36.    Oral argument on the motions took place on November 19, 2019. Mele Decl., ¶29.

37.    The parties thereafter had settlement negotiations, and by letter, dated November 25, 2019, Plaintiffs advised the Court that the parties had reached an agreement with respect to their cross-motions on liability. Mele Decl., ¶30.

38.    On December 5, 2019, Plaintiffs advised the Court that the parties were unable to reach agreement on the terms of a stipulation resolving the motions for summary judgment. Mele Decl., ¶31.

## LEONE'S LIABILITY TO MAKE FRINGE BENEFIT CONTRIBUTIONS, LECET CONTRIBUTIONS, DUES, AND PAC CONTRIBUTIONS TO PLAINTIFFS FOR THE PERIOD OF JANUARY 1, 2014 THROUGH MARCH 31, 2015 HAS ALREADY BEEN ESTABLISHED

39.    The Court resolved the issue of liability in its Decision and Order, dated December 6, 2019 when it denied Leone's motion for partial summary judgment limiting plaintiffs' audit period to the period of January 1, 2014 through March 31, 2014, and granted Plaintiffs' motion for summary judgment for an order directing Leone to submit to an audit of its books and records for the period of January 1, 2014 through March 31, 2015. ECF Doc. 51.

40.    In so ruling, the Court held that the Agreement and Leone's obligations to

Plaintiffs remained in effect through March 31, 2015. ECF Doc. 51, p. 6.[3]

41.   The Court further held that the Plaintiff Funds have the right to audit Leone's books and records for the period of January 1, 2014 through March 31, 2015 to ensure compliance with Leone's payment obligations. ECF Doc. 51, p. 6.

## LEONE DOES NOT DISPUTE THE AUDIT FINDINGS

42.   Liability having been established, the Audit was conducted and revealed that Leone failed to pay Plaintiffs required fringe benefit contributions in the principal amount of $13,979.83, required LECET contributions in the principal amount of $60.65, required dues deductions in the principal amount of $1,151.82, and required PAC contributions in the principal amount of $60.65 for work performed by its employees within the trade and geographic jurisdiction of the Agreement ("Covered Work") during the Audit Period for a total principal deficiency of $15,252.95. Declaration of Timothy P. Dooley ("Dooley Decl.") ¶12; Ex. 1 to Dooley Decl.; Mele Decl. ¶33.

43.   A copy of the Audit Report was sent to Leone by letter dated January 31, 2020. Mele Decl., ¶34.

44.   Leone does not dispute the Audit findings. Mele Decl., ¶¶35, 44-46; ECF Doc. 56; Ex. 1 to Mele Decl.

45.   In joint letters dated February 14, 2020, and April 13, 2020, the parties advised the Court that Leone does not dispute the Audit findings. ECF Doc. 56; Ex. 1 to Mele Decl.

46.   A telephonic conference was held on April 20, 2020, at which time the Court directed Leone's counsel to confer with Leone about entering into a stipulation concerning the Audit findings, and allowing Plaintiffs to serve requests to admit, interrogatories, or other appropriate  discovery demands that do not require the production of documents. ECF Doc. 59.

---

[3] The pages numbers refer to the ECF header page numbers.

47.     A telephonic conference was held on May 20, 2020, at which time the Court directed Plaintiffs to circulate a proposed judgment, and for the parties to work towards resolving any disputes with the proposed judgment. ECF Doc. 61.

48.     Plaintiffs emailed the proposed judgment to Leone and the Court on May 28, 2020, along with a letter detailing the damages sought and the authority for each of the damages in the proposed judgment. Mele Decl., ¶39; Ex. 2 to Mele Decl.

49.     By email dated June 8, 2020, Leone requested backup for all amounts sought in the proposed judgment. Mele Decl., ¶40; Ex. 3 to Mele Decl.

50.     On June 9, 2020, Plaintiffs provided to Leone tables showing the pre-judgment interest due to date on the principal fringe benefit contributions, LECET contributions, dues, and PAC contributions. Plaintiffs also provided a copy of the auditor's invoice for the Audit. Plaintiffs did not provide documentation supporting Plaintiffs' attorneys' fees and costs. Mele Decl., ¶41; Ex. 4 to Mele Decl.

51.     Leone did not respond to the documentation provided on June 9, 2020. Mele Decl., ¶42.

52.     Plaintiffs requested by email on June 16, 2020, whether Leone had made a decision on the proposed judgment. Mele Decl., ¶43.

53.     On June 18, 2020, Leone responded that it agreed with the principal audited delinquency, and "can agree to interest." Mele Decl., ¶44; Ex. 5 to Mele Decl.

54.     Plaintiffs confirmed by email on June 22, 2020, that Leone did not object to the Audit findings, and requested that Leone advise whether it consented to the other damages sought in the proposed judgment. Mele Decl., ¶45.

55.     Leone responded that it was "fine with the audit findings" but did not advise

whether it consented to the other damages. Mele Decl., ¶46; Ex. 6 to Mele Decl.

56.  Plaintiffs requested again on June 26, 2020, whether Leone consented to the other damages sought, or whether Plaintiffs would need to move for judgment. Mele Decl., ¶47.

57.  Leone did not respond to Plaintiffs' email of June 26, 2020. Mele Decl., ¶48.

## LEONE ADMITS THE FRINGE BENEFIT CONTRIBUTIONS OWED TO THE FUNDS

58.  The Audit found that Leone failed to pay $13,979.83 in principal fringe benefit contributions between January 1, 2014 through March 31, 2015. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.

59.  Leone does not dispute that it owes $13,979.83 in principal fringe benefit contributions to the Funds. Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

60.  Plaintiffs are entitled to judgment against Leone in a total amount that includes delinquent fringe benefit contributions in the principal amount of $13,979.83. ECF Doc. 51; Mele Decl., ¶49; ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

## STATUTORY DAMAGES PURSUANT TO THE AGREEMENT AND ERISA

61.  Article XVI, Section 8(a) of the Agreement provides:

> If the Employer is delinquent in the payment of fringe benefit contributions to the Funds, the Employer shall pay, in addition to the delinquent fringe benefit contributions, interest on the unpaid amounts from the day due until the date of payment at the rate prescribed under Section 6621 of Title 26 of the United States Code. If the funds bring an action to recover the interest on delinquent fringe benefit contributions, the Employer is obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

ECF Doc. 41-2, Agreement, Article XVI, Section 8(a) (bates stamped P0173).

62.  Article XVI, Section 8(b) of the Agreement provides:

9

> In the event that formal proceedings are instituted before a Court of
> competent jurisdiction to collect delinquent contributions, a court renders
> judgment in favor of the Funds, the Employer shall pay to the Funds (i)
> the unpaid contributions; (ii) interest on the unpaid contributions at the
> rate prescribed under Section 6621 of Title 26 of the United States Code;
> (iii) interest on the unpaid contributions as and for liquidated damages;
> (iv) reasonable attorneys' fees; and (v) such other legal or equitable relief
> as the Court deems appropriate.

ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173).

63.    Section 502(g)(2) of ERISA provides that, upon a finding that an employer has

violated Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a fund:

> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of –
>
>> (i)  the interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an
>>      amount not in excess of 20 percent . . . of the amount
>>      determined by the court under subparagraph (A),
>
> (D)   reasonable attorneys' fees and costs of the action, to be paid
>       by defendant, and
>
> (E)   such other legal or equitable relief as the court deems
>       appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions
> shall be determined by using the rate provided under the plan, or, if
> none, the rate prescribed under section 6621 of title 26.

29 U.S.C. § 1132(g)(2).

<u>Interest on Delinquent Fringe Benefit Contributions</u>

64.    Due to Leone's admission that it is liable for the delinquent fringe benefit

contributions, the Funds are entitled to interest on the unpaid fringe benefit contributions as a

matter of law. Mele Decl., ¶¶49-50; ECF Doc. 41-2, Agreement, Article XVI, Sections 8(a) and 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

65.     The Agreement provides for interest on each monthly unpaid contribution at the rate of interest provided for by Title 26 of the United States Code, which is the rate of interest the Internal Revenue Service applies to computing interest on tax underpayments ("§ 6621 Rate"). Mele Decl. ¶¶51-52; ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173).

66.     Monthly contributions are due to the Funds on or before the 15th day of the month following the month in which work for which contributions are due was performed. Declaration of Thomas L. Panek ("Panek Decl."), ¶5; Ex. 1 to Panek Decl.; ECF Doc. 41-4, ¶26.

67.     Interest on delinquent monthly contributions begins accruing on the 15th day of the month following the month in which work for which contributions are due was performed. Panek Decl., ¶6; Ex. 1 to Panek Decl., pp. 1-2.

68.     Plaintiffs are entitled to pre-judgment interest on the delinquent fringe benefit contributions from the dates the contributions were due through July 8, 2020 in the amount of $3,649.20. Mele Decl., ¶¶54-60; Ex. 8 to Mele Decl.

69.     Plaintiffs are also entitled to additional pre-judgment interest accrued on the delinquent fringe benefit contributions from July 9, 2020 to the entry of judgment in the amount calculated at the daily rate in effect under Section 6621 of Title 26 of the United States Code. Mele Decl. ¶60; Ex. 8 to Mele Decl.; ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

Liquidated Damages

70.      Due to Leone's admission that it is liable for the delinquent fringe benefit contributions, the Funds are entitled to liquidated damages as a matter of law. Mele Decl., ¶61; ECF Doc. 41-2, Agreement, Article XVI, Sections 8(a) and 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

71.      The Agreement and ERISA provide for liquidated damages on unpaid fringe benefit contributions in an amount equal to the interest due. ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

72.      Plaintiffs are entitled to liquidated damages through July 8, 2020 in the amount of $3,649.20. Mele Decl., ¶¶61-62; Ex. 8 to Mele Decl.

73.      Plaintiffs are also entitled to additional liquidated damages accrued from July 9, 2020 to the entry of judgment in the amount calculated at the daily rate in effect under Section 6621 of Title 26 of the United States Code. ECF Doc. 51; Mele Decl. ¶62; ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

Attorneys' Fees and Costs

74.      Due to Leone's admission that it is liable for the delinquent fringe benefit contributions, the Funds are entitled to reasonable attorneys' fees and costs as a matter of law. Mele Decl., ¶¶49, 63; ECF Doc. 41-2, Agreement, Article XVI, Sections 8(a) and 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2).

75.      Plaintiffs are entitled to reasonable attorneys' and paralegal fees in the amount of $62,850.00. Declaration of Bruce L. Listhaus ("Listhaus Decl."), ¶¶4, 6-26; Ex. 1 to Listhaus Decl.

76.      Plaintiffs are entitled to costs in the amount of $661.53. Listhaus Decl., ¶¶4, 25;

Ex. 2 to Listhaus Decl.

Audit Costs

77.     The Agreement provides that Leone is required to pay the cost of the audit in the event that the audit discloses a delinquency in excess of 10% of the prior year's contributions or $2,000.00, whichever is greater. ECF Doc. 41-2, Agreement, Article XVI, Section 10(a) (bates stamped P0174).

78.     The Agreement also provides that in the event that formal proceedings are instituted before a Court of competent jurisdiction to collect delinquent contributions, a court renders judgment in favor of the Funds, the Employer shall pay to the Funds such other legal or equitable relief as the Court deems appropriate. ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173).

79.     ERISA also provides that, upon a finding that an employer has violated Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a fund such other legal or equitable relief as the court deems appropriate.  29 U.S.C. § 1132(g)(2).

80.     In 2013, Leone paid $56,522.83 in fringe benefit and LECET contributions to the Funds. Panek Decl., ¶¶8-21; Ex. 2 to Panek Decl.

81.     The audited principal fringe benefit delinquency of $13,979.83 is greater than 10% of the fringe benefit and LECET contributions Leone paid to the Funds in 2013. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Panek Decl., ¶¶8-21.

82.     Leone is contractually liable to the Funds for the cost of the audit. ECF Doc. 41-2, Agreement, Article XVI, Section 10(a) (bates stamped P0174).

83.     The Audit costs are $3,882.19. Dooley Decl., ¶¶13-23; Ex. 2 to Dooley Decl.

84.     Leone is entitled to a judgment that includes $3,882.19 for the Audit costs. ECF

Doc. 51; ECF Doc. 41-2, Agreement, Article XVI, Section 10(a) (bates stamped P0174); Mele Decl., ¶70; 29 U.S.C. § 1132(g)(2).

**LEONE ADMITS THE LECET CONTRIBUTIONS OWED TO THE FUNDS**

85.     The Audit found that Leone failed to pay $60.65 in principal LECET contributions between January 1, 2014 through March 31, 2015. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.

86.     Leone does not dispute that it owes $60.65 in principal LECET contributions to the Funds. Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

87.     Plaintiffs are entitled to judgment against Leone for delinquent LECET contributions in the principal amount of $60.65. ECF Doc. 51; ECF Doc. 41-2, Agreement, Article XVI, Section 5 (bates stamped P0173); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

**LEONE ADMITS THE DUES OWED TO THE UNION**

88.     The Audit found that Leone failed to deduct and remit to the Union $1,151.82 in principal dues between January 1, 2014 through March 31, 2015. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.

89.     Leone does not dispute that it owes $1,151.82 in principal dues to the Union. Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

90.     Plaintiff Union is entitled to judgment against Leone for delinquent dues in the principal amount of $1,151.82. ECF Doc. 51; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

**LEONE ADMITS THE PAC CONTRIBUTIONS OWED TO THE UNION**

91.     The Audit found that Leone failed to deduct and remit to the Union $60.65 in principal PAC contributions between January 1, 2014 through March 31, 2015. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.

92.     Leone does not dispute that it owes $60.65 in principal PAC contributions to the Union. Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

93.     Plaintiff Union is entitled to judgment against Leone for delinquent PAC contributions in the principal amount of $60.65. ECF Doc. 51; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56.

**CONTRACTUAL DAMAGES OWED PURSUANT TO THE AGREEMENT**

Interest on Delinquent LECET Contributions

94.     Due to Leone's admission that it is liable for the delinquent LECET contributions, the Funds are entitled to interest on the unpaid LECET contributions as a matter of law. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56; ECF Doc. 41, ¶22; ECF Doc. 41-2, Agreement, Article XVI, Section 5 (bates stamped P0173); NY CPLR §§ 5001, 5002, and 5004.

95.     Leone's failure to make all required LECET contributions is a breach of the Agreement. ECF Doc. 41, ¶22; ECF Doc. 41-2, Agreement, Article XVI, Section 5 (bates stamped P0173).

96.     Sections 5001 and 5004 of the New York Civil Practice Laws and Rules ("NY CPLR") mandates the award of interest on sums awarded in actions for breach of contract at the rate of nine percent (9%) annually. NY CPLR §§ 5001, 5004.

97.     The Plaintiff Funds are entitled to pre-judgment interest on the delinquent LECET contributions from the dates the LECET contributions were due through July 8, 2020 at the rate of 9% annually in the amount of $31.07. Mele Decl., ¶¶72-74; Ex. 9 to Mele Decl.; NY CPLR §§ 5001, 5002, and 5004.

98.     Plaintiffs are also entitled to additional pre-judgment interest accrued on the delinquent LECET contributions from July 9, 2020 to the entry of judgment at the rate of 9% annually. Mele Decl., ¶74; NY CPLR §§ 5001, 5002, 5004.

<u>Interest on Delinquent Dues and PAC Contributions</u>

99.     Due to Leone's admission that it is liable for the delinquent dues, the Union is entitled to interest on the unpaid dues as a matter of law. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56; ECF Doc. 41, ¶23; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177); NY CPLR §§ 5001, 5002, and 5004.

100.     Leone's failure to deduct and remit all dues is a breach of the Agreement. ECF Doc. 41, ¶22; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177).

101.     Sections 5001 and 5004 of the New York Civil Practice Laws and Rules ("NY CPLR") mandates the award of interest on sums awarded in actions for breach of contract at the rate of nine percent (9%) annually. NY CPLR §§ 5001, 5004.

102.     The Union is entitled to pre-judgment interest on the delinquent dues from the dates the dues were due through July 8, 2020 at the rate of 9% annually in the amount of $590.85. Mele Decl., ¶¶76-78; Ex. 10 to Mele Decl.; NY CPLR §§ 5001, 5002, and 5004.

103.     Plaintiffs are also entitled to additional pre-judgment interest accrued on the delinquent dues from July 9, 2020 to the entry of judgment at the rate of 9% annually. Mele

Decl., ¶78; NY CPLR §§ 5001, 5002, 5004.

104.    Due to Leone's admission that it is liable for the delinquent PAC contributions, the Union is entitled to interest on the unpaid PAC contributions as a matter of law. Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Mele Decl., ¶¶35, 44-46; Ex. 1 to Mele Decl.; ECF Doc. 56; ECF Doc. 41, ¶23; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178); NY CPLR §§ 5001, 5002, and 5004.

105.    Leone's failure to make deduct and remit all PAC contributions is a breach of the Agreement. ECF Doc. 41, ¶22; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178).

106.    Sections 5001 and 5004 of the New York Civil Practice Laws and Rules ("NY CPLR") mandates the award of interest on sums awarded in actions for breach of contract at the rate of nine percent (9%) annually. NY CPLR §§ 5001, 5004.

107.    The Union is entitled to pre-judgment interest on the delinquent PAC contributions from the dates the PAC contributions were due through July 8, 2020 at the rate of 9% annually in the amount of $31.07. Mele Decl., ¶¶80-82; Ex. 11 to Mele Decl.; NY CPLR §§ 5001, 5002, and 5004.

108.    Plaintiffs are also entitled to additional pre-judgment interest accrued on the delinquent PAC contributions from July 9, 2020 to the entry of judgment at the rate of 9% annually. Mele Decl., ¶82; NY CPLR §§ 5001, 5002, 5004.

109.    Leone admits it is liable to the Funds for principal fringe benefit contributions found in the Audit, and as such is liable to the Funds for: (a) delinquent fringe benefit contributions in the principal amount of $13,979.83; (b) pre-judgment interest on the delinquent fringe benefit contributions through July 8, 2020 in the amount of $3,649.20 as calculated under

26 U.S.C. § 6621; (c) additional pre-judgment interest on the delinquent fringe benefit contributions accruing daily from July 9, 2020 to entry of judgment as calculated under 26 U.S.C. § 6621; (d) liquidated damages through July 8, 2020 in the same amount of $3,649.20; (e) pre-judgment interest to the entry of judgment in an equal amount as and for additional liquidated damages; (f) actual Audit costs in the amount of $3,882.19; (g) reasonable attorneys' and paralegal fees in the amount of $62,850.00; and (h) costs in the amount of $661.53. ECF Doc. 51; Mele Decl., ¶¶35, 44-46, 49-69; Exs. 1, 8-11 to Mele Decl.; ECF Doc. 41-2, Agreement, Article XVI, Section 8(b) (bates stamped P0173); 29 U.S.C. § 1132(g)(2); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; Ex. 2 to Dooley Decl.; ECF Doc. 56; Listhaus Decl.; Ex. 1 to Listhaus Decl; 29 U.S.C. § 1132(g)(2).

110.    Leone admits it is liable to the Funds for principal LECET contributions found in the Audit, and as such is liable to the Funds for: (a) delinquent LECET contributions in the principal amount of $60.65; (b) pre-judgment interest on the delinquent LECET contributions through July 8, 2020 at the rate of 9% annually in the amount of $31.07; and (c) additional pre-judgment interest on the delinquent LECET contributions accruing from July 9, 2020 to entry of judgment at the rate of 9% annually. ECF Doc. 51; Mele Decl., ¶¶35, 44-46, 70-74; Exs. 1, 8-11 to Mele Decl.; ECF Doc. 41-2, Agreement, Article XVI, Section 5 (bates stamped P0173); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; ECF Doc. 56; NY CPLR §§ 5001, 5002, 5004.

111.    Leone admits it is liable to the Union for principal dues and PAC contributions found in the Audit, and as such is liable to the Union for: (a) delinquent dues in the principal amount of $1,151.82; (b) pre-judgment interest on the delinquent dues through July 8, 2020 at the rate of 9% annually in the amount of $590.85; (c) additional pre-judgment interest on the delinquent dues accruing from July 9, 2020 to entry of judgment at the rate of 9% annually; (d)

delinquent PAC contributions in the principal amount of $60.65; (e) pre-judgment interest on the delinquent PAC contributions through July 8, 2020 at the rate of 9% annually in the amount of $31.07; and (f) additional pre-judgment interest on the delinquent PAC contributions accruing from July 9, 2020 to entry of judgment at the rate of 9% annually. ECF Doc. 51; Mele Decl., ¶¶35, 44-46, 70, 75-82; Exs. 1, 8-11 to Mele Decl.; ECF Doc. 41-2, Agreement, Article XIX, Section 8 (bates stamped P0177-0178); Dooley Decl., ¶12; Ex. 1 to Dooley Decl.; ECF Doc. 56; NY CPLR §§ 5001, 5002, 5004.

Dated: New York, New York
      July 8, 2020

                              GORLICK, KRAVITZ
                              & LISTHAUS, P.C.

                By:    /s/ Joy K. Mele
                      Joy K. Mele (JM0207)
                      Jennifer M. Catera (JC6943)
                      29 Broadway, 20th Floor
                      New York, New York 10006
                      (212) 269-2500
                      *Attorneys for Plaintiffs*