UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO LABORERS WELFARE FUND,
*et al.*

                              Plaintiffs,           **DECISION AND ORDER**

v.

                                                  1:18-cv-544 -EAW-JJM

LEONE CONSTRUCTION, INC.,

                              Defendant.
_____

        This is an action brought to enforce a collective bargaining agreement. The parties consented to my jurisdiction. Consent [21].[1] On November 5, 2020, I entered judgment in plaintiffs' favor. Judgment [79]. Before the court is plaintiffs' unopposed motion [81] to compel post-judgment discovery pursuant to Fed. R. Civ. P. ("Rule") 69, and for other relief. For the following reasons, the motion is granted in part and denied in part.

                                              **DISCUSSION**

        Rule 69(a)(2) permits a judgment creditor to "obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located". Section 5223 of New York's Civil Practice Law and Rules ("CPLR") states that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena". "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." Soundkillers LLC v. Young Money

---

[1]     Bracketed references are to CM/ECF docket entries. Page references are to CM/ECF pagination.

Entertainment, LLC, 2016 WL 4990257, *3 (S.D.N.Y. 2016); see also Buffalo Laborers Welfare Fund v. Sanders, 2021 WL 230873, *1 (W.D.N.Y. 2021) (citing Soundkillers, supra).

New York's CPLR also governs the method of service of an information subpoena. "Service of an information subpoena may be made by registered or certified mail, return receipt requested." CPLR Rule 5224(a)(3). Enforcement of an information subpoena is governed by CPLR §2308(b). See CPLR Rule 5224(a)(3)(iv) ("failure to comply with an information subpoena shall be governed by subdivision (b) of section [2308] of this chapter, except that such motion shall be made in the court that issued the underlying judgment"). Section 2308(b)(1) provides that:

> "[I]f a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply."

Here, plaintiffs attached to the declaration of attorney Jennifer Catera [82], submitted in support of the motion to compel, a copy of the Information Subpoena at issue along with an affidavit of service. See Information Subpoena with Restraining Notice [82-2] (referred to below, along with its accompanying questions, as the "Information Subpoena"). The Affidavit of Service states that it was served "by certified mail, return receipt requested" upon Leone Construction, Inc.

This establishes that the Information Subpoena was served in conformance with Rule 5224 (requiring any information subpoena to be served "by registered or certified mail, return receipt requested"). In addition, a review of the Information Subpoena itself demonstrates

that its content complies with CPLR §5223 and Rule 5224.  Accordingly, the Information Subpoena was authorized, and I direct defendant to respond to it in its entirety, and to mail its responses to the plaintiffs' attorney, on or before December 6, 2021.

In addition to a $50.00 penalty and costs up to $50.00, CPLR §2308(b)(1) authorizes an award of "damages sustained by reason of the failure to comply".  Damages "include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena".  Giuliano v. N.B. Marble Granite, 2014 WL 2805100, *4 (E.D.N.Y. 2014).  Plaintiffs have submitted attorney and paralegal time records in support of this portion of their motion.  See Declaration of Bruce L. Listhaus [83], ¶ 4 and Exhibit 1 [83-1].  The attorney time encompasses drafting correspondence dated March 1 and 9, 2021 to defendant requesting that it respond to the Information Subpoena and drafting the motion to compel (1.1 and 2.7 hours, totaling 3.8 hours).  See Exhibit 1 to Listhaus Declaration [83-1].

"Ultimately, the determination of a reasonable fee is within the district court's discretion".  Id. at *7.  While the time claimed here for drafting the motion is reasonable, the time claimed for drafting the March 1 and 9, 2021 letters is not.  The letters are attached to Ms. Catera's declaration as Exhibits 4 [82-4] and 6 [82-6].  The plaintiffs state that Ms. Catera spent 1 hour drafting the March 1, 2021 letter, and .6 hours drafting the March 9, 2021 letter.  As an initial matter, and except for the case specific details, the letters submitted here are the same as those that Ms. Catera drafted and submitted in support of a motion to compel responses to an information subpoena in Buffalo Laborers Welfare Fund, et al v. Sanders Construction, Inc., et al, 1:16-cv-1036, docket no. 24-4.  Because the letters appear to be based upon a template previously utilized by Ms. Catera, 1.0 hour to draft and finalize the March 1, 2021 letter in this case is unreasonable.  I therefore reduce the amount of time spent to draft the March 1, 2021

letter to .3 hours.  The March 9, 2021 letter is identical to the March 1, 2021 letter, save for the deadline by which plaintiffs' attorneys request defendant's written responses.  Accordingly, I reduce the amount of time spent to draft the March 9, 2021 letter to .1 hours.

Finally, the time entries for Ms. Collado, the paralegal working on the file, record .8 hours March 1, 2021 ("[f]irst class mailing sent re [c]ompliance letter") and .7 hours on March 9, 2021 ("[s]ent first class mail [c]ompliance [letter] re RNIS").  [83-1] at 2.  I find these time entries unreasonable and reduce them to .2 hours each to account for compilation of the correct enclosures for each letter and preparing the affidavits of service.

With these adjustments, the reasonable fee for the legal work performed to obtain compliance with the information subpoena is $872.00.  In addition, I find it appropriate to impose the $50.00 penalty authorized by CPLR §2308(b)(1).  However, plaintiffs do not identify what costs they incurred.  Therefore, I decline to award $50 in costs. The total amount of damages and penalties is $922.00 ($872.00 + $50.00).

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel Compliance with an Information Subpoena to Judgment Debtor [81] is granted in part and denied in part.  Defendant is ordered to respond to the Information Subpoena in its entirety, and to mail its responses to the plaintiffs' attorney, on or before December 6, 2021.

In addition, I award plaintiffs $922.00 in damages and penalties pursuant to CPLR §2308(b)(1).  Defendant shall pay plaintiffs that amount.

**SO ORDERED**.
Dated: November 4, 2021

/s/ *Jeremiah J. McCarthy*
JEREMIAH J. MCCARTHY
United States Magistrate Judge