UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO LABORERS WELFARE FUND,
*et al.*

                              Plaintiffs,

v.

LEONE CONSTRUCTION, INC.,

                              Defendant.
_____

**DECISION AND ORDER**

1:18-cv-0544-JJM

       This is an action brought to enforce a collective bargaining agreement. The parties have consented to my jurisdiction. [21].[1] On November 5, 2020, I entered judgment in plaintiffs' favor.  Judgment [79].  On November 4, 2021, I entered a Decision and Order compelling defendant Leone Construction, Inc. to respond to plaintiffs' post-judgment Information Subpoena on or before December 6, 2021, and awarding damages and penalties in the amount of $922.00. [94].  Before the court is plaintiffs' unopposed motion [96] pursuant to Fed. R. Civ. P. ("Rule") 69 to hold Leone in contempt for violating my November 4, 2021 Decision and Order, and for other relief.  For the following reasons, the motion is granted in part and denied in part.

**DISCUSSION**

       Rule 69(a)(2) permits a judgment creditor to "obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where

---

[1]     Bracketed references are to CM/ECF docket entries.  Page references are to CM/ECF pagination (upper right corner of the page).

the court is located". Section 5223 of New York's Civil Practice Law and Rules ("CPLR") states that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena". "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." Soundkillers LLC v. Young Money Entertainment, LLC, 2016 WL 4990257, *3 (S.D.N.Y. 2016); see also Buffalo Laborers Welfare Fund v. Sanders, 2021 WL 230873, *1 (W.D.N.Y. 2021).

My November 4, 2021 Decision and Order directed Leone to respond to plaintiffs' Information Subpoena "in its entirety, and to mail its responses to the plaintiffs' attorney, on or before December 6, 2021". [94] at 3. The court mailed a copy of the Decision and Order to defendant. See Docket Text [94].

In support of their motion, plaintiffs submit the February 24, 2022 declaration of attorney Jonathan Sobel, who states that "[t]o date, Leone has failed to comply with the 11.4.21 Order and has failed to pay the $922.00 awarded to Plaintiffs as damages incurred in seeking compliance with the Information Subpoena. The Judgment also remains unpaid." [97], ¶ 15. The Affidavit of Service states that plaintiffs' motion to hold defendant in contempt, along with the supporting papers, was served upon Leone by delivering it to the Secretary of State pursuant to § 306 of New York's Business Corporation Law. [100]. The court thereafter provided Leone with an opportunity to respond, through counsel, to plaintiffs' motion. See March 2, 2022 Text Order [101]. The court mailed a copy of the March 2, 2022 Text Order to defendant. See Docket Text [101].

A.        **A Finding of Contempt is Appropriate**

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. . . . It need not be established that the violation was willful." Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc., 369 F.3d 645 (2d Cir. 2004) (internal quotation omitted); *see also* Consumer Financial Protection Bureau v. MacKinnon, 2021 WL 4461695, *4 (W.D.N.Y. 2021).

All of the elements required for a finding of civil contempt are satisfied. The November 4, 2021 Decision and Order clearly defined the Information Subpoena (*see* [94] at 2). It plainly ordered Leone to respond to the Information Subpoena, and to mail its responses to plaintiffs' attorney, on or before December 6, 2021. [94] at 3, 4. In addition, it plainly instructed Leone to pay plaintiffs the amount of $922.00. [94] at 4 ("I award plaintiffs $922.00 in damages and penalties pursuant to CPLR §2308(b)(1). Defendant shall pay plaintiffs that amount.").

It is undisputed that Leone failed to comply with the November 4, 2021 Decision and Order. *See* Sobel Declaration [97] ¶ 15 ("[t]o date, Leone has failed to comply with the 11.4.21 Order and has failed to pay the $922.00 awarded to Plaintiffs as damages incurred in seeking compliance with the Information Subpoena. The Judgement also remains unpaid."). As detailed herein, Leone had ample notice of both the November 4, 2021 Decision and Order and this motion. Accordingly, I find there is clear and convincing proof of Leone's noncompliance. Nor is there evidence in the record that Leone made any attempt to comply with my November 4, 2021 Decision and Order. I therefore find Leone in contempt of the November 4, 2021 Decision and Order.

B.        **Damages**

In addition to a finding of contempt, plaintiffs request imposition of monetary sanctions both to compensate them for the attorney's fees and costs expended in making this motion and to coerce compliance. See Notice of Motion [96] at 2, and Memorandum of Law [99] at 6-9. Specifically, plaintiffs request that the court sanction Leone $500.00 per day until it responds to the information subpoena and pays plaintiffs $922.00, as ordered in the November 4, 2021 Decision and Order. [99] at 7. In addition, plaintiffs request a judgment in the amount of $780.00 for penalties, damages, and costs involved in making the motion. Id.

"[C]ivil contempt sanctions may permissibly serve two purposes: to compel obedience with the Court's orders in the future or to provide compensation to an injured party". United States v. JK Peris, Inc., 2018 WL 3949896, *4 (W.D.N.Y. 2018).

> "A district court has discretion to impose contempt sanctions for violations of post-judgment discovery orders. . . . The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged. . . . To the extent that a contempt sanction is coercive, the court has broad discretion to design a remedy that will bring about compliance. . . . In making such a determination, the court should consider: (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of the sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden."

Consumer Financial Protection Bureau v. MacKinnon, 2021 WL 4461695, *4 (W.D.N.Y. 2021). When deciding whether to award fees, "courts have focused on the willfulness of the contemnor's misconduct", although "willfulness may not necessarily be a prerequisite to an award of fees and costs". Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996).

I will impose a coercive monetary sanction of $100 per day, payable to the Clerk of the Court, from the date of service of this Decision and Order until Leone fully complies with

my November 4, 2021 Decision and Order. *See, e.g.* Buffalo Laborers' Welfare Fund v. D. Land Construction Co., Inc., 2010 WL 3894987, *2 (W.D.N.Y. 2010) (imposing a daily fine of $100); Vista Food Exchange, Inc. v. Lawson Foods, LLC, 2019 WL 5682632, *6 (S.D.N.Y. 2019) (imposing a daily fine of $100).

Furthermore, an award of the attorney's fees associated with making this motion is appropriate:

> "Having found Defendants in contempt, and having issued a compensatory fine enforcing the terms of the original Judgement, the Court finds that an award of attorneys' fees in this case would serve the coercive purpose of encouraging Defendants to comply with their future obligations under the Judgment, and avoid leaving Plaintiffs worse off for having sought to secure compliance with the Court's Judgment . . .. Accordingly, the Court finds that Plaintiffs are entitled to reasonable attorneys' fees."

Mingoia v. Crescent Wall Systems, 2005 WL 991773, *5 (S.D.N.Y. 2005).

"Ultimately, the determination of a reasonable fee is within the district court's discretion". Giuliano v. N.B. Marble Granite, 2014 WL 2805100, *7 (E.D.N.Y. 2014). Plaintiffs have submitted detailed billing records demonstrating that attorney Jonathan Sobel spent 3.4 hours drafting the documents supporting the motion. *See* Declaration of Bruce L. Listhaus [98] ¶¶ 4, 7; Exhibit 1 to Listhaus Declaration [98-1] at 2. Mr. Sobel's billing rate is $200.00 per hour. Listhaus Declaration [98] ¶ 4. Accordingly, plaintiffs request an attorney's fee in the amount of $680.00 (3.4 x $200.00 = $680.00).

I find that both the amount of time expended and Mr. Sobel's hourly rate are reasonable. In addition, Mr. Sobel's rate is commensurate with his experience. *See* id. ¶ 6 ("Jonathan Sobel has been a junior associate with the Firm since December 31, 2018, and has been continuously engaged in the practice of law since 2018"). Further, the hourly rate is comparable to those charged in this district. *See* Ampion Corp. v. Axxa Tech, Inc., 2019 WL

6320344, *4 (W.D.N.Y. 2019) (applying an hourly rate of $300.00 per hour and citing cases within the district awarding fees ranging from $175.00 to $300.00 per hour).  Accordingly, I award $680.00 in attorney's fees, payable to plaintiffs.

However, because I awarded to plaintiffs the $50.00 penalty authorized by CPLR §2308(b)(1) in my November 4, 2021 Decision and Order, I decline to award it again.  See JK Peris, Inc., 2018 WL 3949896 at *6 ("[h]ere, the Government already has a judgment against Defendants for $291,503.37, which includes the $47,000 that Defendants failed to pay. . . . Were the Court to impose an additional sanction of $47,000 on Defendants, it would amount to a potential double recovery for the Government, rather than restoring the Government to the position it would have been in had Defendants complied with the Injunction Order").

Finally, plaintiffs do not identify what costs they incurred.  Therefore, I decline to award $50 in costs.

## CONCLUSION

For these reasons, plaintiffs' Motion [96] is granted in part and denied in part. Since Leone is in contempt of my November 4, 2021 Decision and Order, I order it to pay $100.00 per day to the Clerk of the Court, from the date of service of this Decision and Order until it fully complies with my November 4, 2021 Decision and Order. In addition, I award plaintiffs $680.00 in attorney's fees.  Leone shall pay that amount directly to plaintiffs. Plaintiffs' motion is otherwise denied.

**SO ORDERED**.

Dated: August 1, 2022

/s/ *Jeremiah J. McCarthy*
JEREMIAH J. MCCARTHY
United States Magistrate Judge